IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARIAN WADE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHIEF JAMES COLLIER, JR. (Star No. 100), DEPUTY )<br>CHIEF DONALD MOBLEY (Star No. 188), )<br>LIEUTENANT JOSE MASARIEGOS (Star No. 190), )<br>OFFICER DEWAYNE WHEELER (Star No. 245), )<br>OFFICER THEODORE YANCY (Star No. 259), OFFICER)<br>MAURICE MACKLIN (Star No. 333), OFFICER )<br>JEFFERY MARKVART (Star No. 321) and the VILLAGE )<br>OF MAYWOOD, )<br>)<br>Defendants. ) | No.<br><br>FILED: MAY 20, 2008<br>08CV2931           TG<br>JUDGE KENDALL<br>MAGISTRATE JUDGE COX<br><br><br>Jury Trial Demanded |

**COMPLAINT**

NOW COMES Plaintiff, ARIAN WADE, by and through his attorneys, Kathleen T. Zellner & Associates, P.C., and complaining of Defendants, states as follows:

**Introduction**

Plaintiff, Arian Wade, applied his intelligence, skill and drive to everything he did as a police officer serving and protecting the people of the Village of Maywood. For years he served with distinction, receiving honors and recognition, including the recognition he received for apprehending a homicide suspect while on patrol and for his involvement in a traffic stop that resulted in the seizure of $150,000.00 in United States currency. While serving the community,

1

Mr. Wade also sought to better himself through education, and he attended classes for that purpose. But Defendants did not like Mr. Wade. Pursuant to that dislike, they acted together to ensure he was passed over for promotions and eventually terminated from the Village of Maywood Police Department. They baselessly accused him of involvement in a drug conspiracy scheme, as well as other crimes. These accusations threatened not only to cause him to be imprisoned for fifty (50) years, but in fact, could have caused him to be murdered, and may still lead to his death. Of course, due to the fact that there never was any evidence against Mr. Wade of any wrongdoing whatsoever, he prevailed after a full jury trial. But the damage remains, and continues.

## Cause of Action

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.      Specifically, as a result of egregious misconduct by Defendants, Plaintiff was suspended and ultimately terminated from his job, then wrongfully arrested and charged with felonies for crimes he did not commit.

3.      Chief James Collier, Jr., Deputy Chief Donald Mobley, Jr, Lieutenant Jose Masariegos, Officer DeWayne Wheeler, Officer Theodore Yancy, Officer Maurice Macklin and Officer Jeffery Markvart conspired to secure Plaintiff's termination, arrest, imprisonment and prosecution.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1367.

5. Venue is proper pursuant to 28 U.S.C. Section 1391 (b). All parties reside in the judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## The Parties

6. Plaintiff, Arian Wade, was at all relevant times a citizen of the United States and a resident of Maywood, Illinois.

7. The individual Defendants are employed by The Maywood Police Department, and the Village of Maywood, and they are sued in their individual capacities and their official capacities.

## Maywood Police Department

8. Mr. Wade became employed as a police officer for the Maywood Police Department on April 24, 1994.

9. Mr. Wade served with honor, and sought promotions within the department, even obtaining the recommendation of a State of Illinois Senator.

10. However, Mr. Wade was never promoted as his attempts for promotions were blocked, not due to any shortcomings in his performance, but due to the malice of Defendants.

11. Because his promotions were unfairly blocked, Mr. Wade sought administrative review of the proceedings.

12. The basic result of the administrative review process was that Mr. Wade would be promoted in the future.

13. Defendants attempted to suspend Mr. Wade, but those suspensions failed, as Mr. Wade had done nothing to warrant suspension.

14. Pursuant to Defendants' attempts to block Mr. Wade's promotions, suspend and eventually terminate him, Defendants removed favorable material from Mr. Wade's personnel file, and added baseless, damaging material and documentation of false accusations.

15. Finally, as a result of Defendants' actions, Mr. Wade sought review in the Circuit Court of Cook County by filing a Complaint with that judicial body.

16. In those proceedings, the Honorable Sophie Hall permitted Mr. Wade to file an Amended Complaint in response to a motion by his opposition.

17. Judge Hall set a due date of January 21, 2005 for the filing of that pleading.

18. Mr. Wade met that deadline and through counsel, filed his Amended Complaint on January 20, 2005.

### Operation "Pocket Change"

19. At the same time Mr. Wade was being unfairly precluded from advancing with the Village of Maywood Police Department, Defendants began "Operation Pocket Change."

20. "Operation Pocket Change" was an undercover operation wherein Defendants sought to gather evidence against Hosie Thurman, an individual suspected of engaging in narcotics activity.

21. Through "Operation Pocket Change," evidence was gathered suggesting the involvement of other individuals in narcotics activity.

22      Those other individuals included Torrance Coats, Eddie Larry and Demitris Baugh.

23.     No evidence developed as a result of "Operation Pocket Change," nor evidence from any other source, suggested that Mr. Wade was involved in any criminal activity whatsoever.

24.     Still, on January 21, 2005, Defendants caused Mr. Wade to be physically accosted by police officers with guns drawn.

25.     January 21, 2005 was the due date Judge Hall of the Circuit Court of Cook County had set for Mr. Wade to file his Amended Complaint.

26.     The numerous charges Defendants had caused to be brought against Mr. Wade included criminal drug conspiracy.

27.     As a result of the criminal drug conspiracy charge, Mr. Wade faced fifty (50) years in prison.

26.     Press Releases were issued trumpeting the arrest of Mr. Wade, and he was publicly disgraced as a result of Defendants' actions, not his own.

27.     Probable cause never existed for the arrest of Mr. Wade. None of the Defendants had reasonable grounds to believe that Mr. Wade had committed a petty or criminal offense.

### *Criminal Proceedings*

28.     Before and after his arrest, there was no evidence to suggest that Mr. Wade had committed any criminal acts or acted in any inappropriate manner, so Defendants fabricated evidence and made false accusations to support his arrest and continue his prosecution.

5

29.     Defendants fabricated accusations that Mr. Wade had engaged in various types of misconduct while employed as a police officer.

30.     Defendants took the position that Mr. Wade had made statements incriminating himself on the recordings created through "Operation Pocket Change."

31.     This was untrue as Mr. Wade had made no such incriminating statements.

32.     Defendants fabricated a memorandum suggesting Defendant engaged in criminal activity.

33.     After fabricating the memorandum, Defendants dated the memorandum "December 9, 2004."

34.     That fabricated memorandum was created on February 28, 2005.

35.     Thankfully, the jury was able to determine that there was no evidence whatsoever that Mr. Wade had engaged in any criminal activity and that the evidence against him was fabricated, resulting in his acquittal on April 17, 2008.

36.     As a direct and proximate result of the violations by Defendants, Plaintiff, Mr. Wade, suffered severe and permanent injuries, both psychologically and physically, the loss of his freedom, pecuniary loss, economic loss and will in the future suffer severe shame, humiliation and mental anguish.

## COUNT I

### (Due Process - 42 U.S.C., Section 1983)

1-36. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-36 of this Complaint at Law as and for paragraphs 1-36 of this Count I.

37. Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of employment, deprived Plaintiff of his constitutional rights.

38. In the manner described more fully above, Defendants deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

39. The misconduct described in this Count was objectively unreasonable and was undertaken with malice, willfulness and reckless indifference to the rights of others.

40. As a result of the Defendants' unconstitutional conduct, Plaintiff has suffered pain and injury, including damaged reputation, financial loss, and emotional distress.

WHEREFORE, Plaintiff, Arian Wade, respectfully requests that this Court enter judgment in his favor and against Defendants, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendants and any other relief deemed appropriate.

## COUNT II

### (Failure to Intervene – 42 U.S.C. 1983)

1-40. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-40 of this Complaint at Law as and for paragraphs 1-40 of this Count II.

41. One or more of the Defendants had a reasonable opportunity, had they been so inclined, to prevent another Defendant from violating Plaintiff's rights in the manner described herein, but they failed to do so.

42. The misconduct described in this Count was objectively unreasonable and was undertaken with malice, willfulness, and reckless indifference to the rights of others.

43. As a result of the Defendants' unconstitutional misconduct, Plaintiff has suffered pain and injury, including damaged reputation, financial loss and emotional distress.

WHEREFORE, Plaintiff, Arian Wade, respectfully requests that this Court enter judgment in his favor and against Defendants, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendants and any other relief deemed appropriate.

## COUNT III

### (Conspiracy – 42 U.S.C. 1983)

1-43. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-43 of this Complaint at Law as and for paragraphs 1-43 of this Count III.

44. As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, reached an understanding to deprive Plaintiff of

his constitutional rights. Plaintiff was deprived of his constitutional rights in the manner described in the preceding paragraphs.

45. In furtherance of the conspiracy, the Defendants committed overt acts and were otherwise willful participants in joint activity with the state actors under color of law.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. As a result of the Defendants' unconstitutional misconduct, Plaintiff has suffered pain and injury, including damaged reputation, financial loss and emotional distress.

WHEREFORE, Plaintiff, Arian Wade, respectfully requests that this Court enter judgment in his favor and against Defendants, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendants and any other relief deemed appropriate.

## COUNT IV

### (Malicious Prosecution – State Law Claim)

1-47. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-47 of this Complaint at Law as and for paragraphs 1-47 of this Count IV.

48. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiffs' favor in a manner indicative of innocence.

49. Specifically, Defendants accused Plaintiff of criminal activity and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings, all the while knowing those accusations to be without probable cause.

50. The statements of Defendants regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In doing so, they fabricated evidence and withheld exculpatory information.

51. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

52. As a result of the Defendants' unconstitutional conduct, Plaintiff has suffered pain and injury, including damaged reputation, financial loss and emotional distress.

WHEREFORE, Plaintiff, Arian Wade, respectfully requests that this Court enter judgment in his favor and against Defendants, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendants and any other relief deemed appropriate.

## COUNT V

### (Conspiracy – State Law Claim)

1-52. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-52 of this Complaint at Law as and for paragraphs 1-52 of this Count V.

53. In taking actions with respect to the investigation of the Plaintiff, all of the Defendants were agents of the Village of Maywood acting at all times within the scope of their employment.

54.    The Village of Maywood is legally responsible for all of the actions described in the previous paragraph.

55.    Defendant, the Village of Maywood, is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, Arian Wade, respectfully requests that this Court enter judgment in his favor and against Defendant, The Village of Maywood, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendants and any other relief deemed appropriate.

## COUNT VI

### (Indemnification – State Law Claim)

1-55.    Plaintiff realleges, restates and incorporates by reference, paragraphs 1-55 of this Complaint at Law as and for paragraphs 1-55 of this Count VI.

56.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

57    Defendants are employees of the Village of Maywood such that the Village of Maywood is responsible, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, Arian Wade, respectfully requests that this Court enter judgment in his favor and against Defendants, awarding compensatory damages and attorneys' fees, along with punitive damages against the individual Defendants and any other relief deemed appropriate.

## JURY DEMAND

Plaintiff, Arian Wade, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted

_Kathleen T. Zellner_
Kathleen T. Zellner

Law Offices of Kathleen T. Zellner, P.C.
Drake Oakbrook Plaza
2215 York Road
Suite 504
Oakbrook, Illinois 60523