**IN THE UNITED STATES DISTRICT COURT,**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ARIAN WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 2931 |
| ) | Judge Kendall |
| CHIEF JAMES COLLIER, JR., ET AL. ) | Magistrate Judge Cox |
| ) | |
| Defendants. ) | |

**DEFENDANTS', CHIEF JAMES COLLIER, DEPUTY CHIEF MOBLEY, LIEUTENANT JOSE MAZARIEGOS, OFFICER DEWAYNE WHEELER, OFFICER THEODORE YANCY, AND THE VILLAGE OF MAYWOOD'S, MOTION TO DISMISS COUNTS I THROUGH VII OF PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

NOW COME Defendants, CHIEF JAMES COLLIER, DEPUTY CHIEF MOBLEY, LIEUTENANT JOSE MAZARIEGOS, OFFICER DEWAYNE WHEELER, OFFICER THEODORE YANCY, and the VILLAGE OF MAYWOOD ("Defendants"), by and through their attorneys, KLEIN, THORPE & JENKINS, LTD., and in support of their Motion to Dismiss Counts I through VII of Plaintiff's First Amended Complaint, or in the alternative, for a More Definite Statement state as follows:

**I. INTRODUCTION**

In his First Amended Complaint (hereinafter "Complaint"), Plaintiff alleges that Defendants wrongfully terminated him, wrongfully arrested him and charged him with crimes he did not commit. (Complaint at ¶ 2). In this Motion to Dismiss, Defendants seek a dismissal of all counts pled against Defendants. In addition, Defendant, Village of Maywood, seeks a dismissal of all counts against the Village, except for Count VII, because Plaintiff has failed to allege any constitutional violation based on a policy, custom, practice or regulation of the

Village. Defendants have concurrently filed a motion for summary judgment in this case with respect to the allegations based on Plaintiff's termination by the Village of Maywood. In addition to a ruling on those allegations, Defendants seek a dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendants seek a more definite statement regarding Counts I, II, III and V.

## II. ARGUMENT

A.  Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim for failure to state a claim for which relief can be granted. Such a motion will be granted where the plaintiff cannot prove a set of facts consistent with his allegations to support his claim and entitle him to relief. *Baumgardner v. County of Cook*, 108 F. Supp. 2d 1041, 1042 (N.D. Ill. 2000), citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 708 S. Ct. 99, 102 (1957). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court considers "well-pleaded factual allegations in the complaint to be true." *Kyle v. Morton High School*, 144 F.3d 448, 450 (7th Cir. 1998). Despite the liberal nature of the federal notice pleading standards, "a complaint must allege facts that, if proven, would provide an adequate basis for each claim." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988) (citation omitted). Moreover, a plaintiff cannot state a claim merely by "attaching a bare conclusion to the facts he narrates." *Kyle*, 144 F.3d at 455.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement "must be enough to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir.

2007), citing *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S.Ct. 1955, 1964 (2007). The plaintiff is obligated to provide the grounds of his entitlement to relief, which requires more than "labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 618, citing *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Rather, the complaint must contain enough facts to state a claim that is "plausible on its face." *Id.* at 619, citing *Bell Atlantic Corp.*, 127 S. Ct. at 1974.

In the instant case, Plaintiff does not adequately plead claims for violations of due process, failure to intervene, or conspiracy. His allegations do not adequately allege a constitutional violation and do not provide enough facts to provide fair notice to each individual defendant of the grounds supporting the claims.

    B.    <u>Plaintiff Fails to State a Claim against the Village of Maywood</u>.

"A municipality can only be sued directly under the civil rights laws when the alleged constitutional violation occurs through the execution of the municipality's policy, custom, ordinance, regulation or decision officially adopted or promulgated by that body's officers." *Monell v. Department of Social Services*, 436 U.S. 658 (1978). There are no specific allegations against the Village in the entire Complaint. In addition, there are no allegations that any alleged constitutional violation occurred as a result of a Village policy, custom, ordinance, regulation or decision. As a result, all claims, with the exception of Count VII, against the Village should be dismissed.

    C.    <u>Count I Fails to State a Claim for Violation of Due Process</u>.

To state a Section 1983 claim, a plaintiff must allege that he or she "was deprived of a federal right, privilege, or immunity by a person acting under color of state law. *Truesdale v. Guerra*, Case No. 07 C 3058, 2008 WL 1968773, at *4, (N.D. Ill. May 1, 2008), citing *Brown v.*

*Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (additional citations omitted). "A plaintiff must allege both § 1983 elements to survive a motion to dismiss." *Id.* at *4, citing *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). A substantive due process claim "must be based on the deprivation of an underlying protected life, liberty or property interest." *Zorzi v. County of Putnam*, 30 F.3d 885, 894 (7th Cir. 1994). "Liberty interests can arise from two sources: the Federal Constitution or state law." *Domka v. Portage County, WI*, 523 F.3d 776, 780 (7th Cir. 2008).

In the instant case, Plaintiff alleges that the Defendants denied him due process pursuant to Section 1983. (Count I of Plaintiff's Complaint). The allegations of Count I do not set forth any life, liberty or property interest that was violated. In addition, there are no allegations of a violation of procedural due process. Based on Plaintiff's allegations that he was wrongfully prosecuted, it appears that the due process violations would include false arrest, malicious prosecution and false imprisonment. However, these allegations do not support a due process violation. If a tort claim exists under state law, it "knocks out any constitutional theory of false arrest, false imprisonment, and malicious prosecution." *Truesdale*, 2008 WL1968773 at *4 (citations omitted). Illinois has common law and state law claims for false arrest and false imprisonment, and Plaintiff has pled a separate claim for malicious prosecution based on state law. *Id.* (citations omitted).

It is unclear if Plaintiff is asserting a violation of due process based on the termination of his employment with the Village of Maywood. Plaintiff cannot allege that he was denied a property interest in his employment without due process because, as stated in the Defendants' Motion for Summary Judgment, Plaintiff's claim was handled in accordance with all required procedures before the Board of Fire and Police Commissioners. While he had a property interest in his employment, he received due process. As stated in Defendants' Motion for Summary

Judgment, Plaintiff is estopped from alleging a violation of due process as it relates to his employment with the Village.

It is possible that Plaintiff may be alleging a liberty interest for "occupational liberty" related to his position as a police officer. *Zorzi*, 30 F.3d at 895. "Occupational liberty, however, is not protected by substantive due process." *Id.* at 895. Any such claim is limited to procedural due process. *Illinois Psychological Ass'n v. Falk*, 818 F.2d 1337, 1343 (7th Cir. 1987). Plaintiff had the opportunity to raise any issues regarding the process of his termination in his appeal. Therefore, any such claim is barred by *res judicata*. (*See* Defendant's Summary Judgment Motion at p. 4).

In addition, it is possible that Plaintiff is alleging that his reputation was damaged based on the false statements allegedly made by Defendants and that the damage to his reputation implicates a constitutionally protected liberty interest. (Complaint at ¶¶32, 33). Even if the allegations contained in Plaintiff's Complaint regarding false statements are taken as true for purposes of this motion, "mere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment." *Brown v. City of Michigan City*, 462 F.3d 720, 730 (7th Cir. 2006) (citations omitted). A plaintiff must establish defamatory statements coupled with an "alteration of legal status." *Id.* The statements must alter or extinguish a right or status recognized by state law. *Id.* Plaintiff has not pled any such right or status.

Plaintiff has failed to allege a life, liberty or property interest that was allegedly violated by Defendants. As a result, he has not adequately pled a claim for a Section 1983 due process violation. Moreover, based on the facts alleged, he cannot state a claim for a Section 1983 due process violation, and Count I should be dismissed.

      D.      <u>Plaintiff Fails to State a Claim for Failure to Intervene Pursuant to Section 1983</u>.

An individual officer who fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is only liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Plaintiff's Complaint alleges that, "One or more of the Defendants had a reasonable opportunity, had they been so inclined, to prevent another Defendant from violating Plaintiff's rights in the manner described herein, but they failed to do so." (Complaint at ¶44). Similar to Count I, the allegations for Count II are insufficient because they do not detail the right that Defendants allegedly violated. *See White v. Madison County, Illinois*, Case No. 07CV-716-MJR, 2008 WL 539230, at *4 (S.D. Ill. Feb. 26, 2008). "Absent an underlying constitutional violation that the defendants could have prevented," Plaintiff cannot state a claim for failure to intervene. *Smith v. Daniels*, Case No. 01 C 4157, 2003 WL 1717635, at *7 (N.D. Ill. March 28, 2003). In addition, the allegations do not ascribe any particular conduct to any particular Defendant. *White*, 2008 WL 539230 at *4. Moreover, Plaintiff fails to allege that any of Defendants were aware of any other Defendant's taking actions that violated Plaintiff's rights. *Hughley v. Hudgins*, Case No. 97 C 73, 1997 WL 285889, at * 3, (N.D. Ill. May 23, 1997). Therefore, Plaintiff has failed to state a claim for failure to intervene for which relief may be granted and Count II of his Complaint should be dismissed.

     E.    <u>Plaintiff's Conspiracy Claim Based on Section 1983 Fails to State a Claim for Which Relief May Be Granted.</u>

To state a claim for conspiracy pursuant to Section 1983, "It is enough to merely 'indicate the parties, the general purpose, and approximate date, so that the defendant has notice of what he is charged with.'" *Lyttle v. Killackey*, 528 F.Supp.2d 818, 831 (N. D. Ill. 2007), citing *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). In order to state a claim, a plaintiff must do more than allege, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, citing *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955 (2007). More than a "blanket assertion" that a conspiracy occurred is required. *Id.*

In addition, the threshold of a Section 1983 conspiracy claim is that the defendants violated the plaintiff's constitutional rights. *Kies v. City of Aurora*, 149 F.Supp.2d 421, 423 (N.D. Ill. 2001); *see also Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). A conspiracy claim cannot exist where the defendants' actions, on their own, do not violate the constitution. *Kies*, 149 F. Supp. 2d at 423-24.

Plaintiff's Complaint includes conclusory allegations that Defendants "reached an understanding to deprive Plaintiff of his constitutional rights." (Complaint at ¶ 47). Plaintiff fails to allege any constitutional right that Defendants allegedly conspired to violate. Moreover, he does not allege what role each individual defendant allegedly played or the approximate date. *See Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E.F. Hutton & Co., Inc.*, 720 F. Supp. 671, 686 (N.D. Ill. 1989) (where court granted motion for more definite statement of breach of contract claim). Therefore, Count III fails to state a claim for which relief may be granted and should be dismissed.

F. <u>Plaintiff Fails to State a Claim for State Law Conspiracy</u>.

To plead a claim for civil conspiracy pursuant to Illinois law, a plaintiff must allege that "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 209 Ill. 2d 302, 317 (2004). If the alleged action taken by the defendants is not unlawful, a plaintiff cannot state a claim for conspiracy under Illinois law. *See Lamar Advantage G.P. Co., v. Addison Park Dist.*, 354 Ill. App. 3d 130, 142 (2nd Dist. 2004). Similar to a conspiracy claim made pursuant to Section 1983, a state law conspiracy claim must allege an independent cause of action because conspiracy is not an independent tort. *Indeck North American Power Fund v. Norweb*, 316 Ill. App. 3d 416, 432 (1st Dist. 2000) citing *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54 (1994).

Count V, which purports to state a claim for state law conspiracy, states, "As more fully described in the preceding paragraphs the Defendants acting in concert with other known and unknown co-conspirators conspired by concerted action to accomplish an unlawful purpose through unlawful means." (¶56 of Complaint). Plaintiff does not allege an independent cause of action by alleging a tortuous action taken by Defendants. His vague and conclusory allegations are insufficient and Count V should be dismissed.

G. <u>Counts IV through VII of Plaintiff's Complaint Should be Dismissed if Counts I , II and III are Dismissed.</u>

This Court has jurisdiction over Counts IV through VII of Plaintiff's Complaint under 28 U.S.C. Section 1367. Section 1367 provides that in a case where a federal district court has original jurisdiction over a civil action, the district court shall have supplemental jurisdiction

8

"over all other claims that are so related" to the claims for which the court has original jurisdiction as long as the supplemental claims "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). It also provides that the district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). Generally, when a federal court dismisses the federal claims in a case, it should relinquish jurisdiction over the supplemental state claim. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). This rule is especially true when there has been no discovery or pretrial preparation. *Id.*, citing *Graehling v. Village of Lombard*, 58 F.3d 295, 299 (7th Cir. 1995).

In the case at bar, this Court only has supplemental jurisdiction over Counts IV through VII. This case is in its initial stages, so this Court should dismiss Counts IV through VII of Plaintiff's Complaint if Counts I, II and III are dismissed by the Court.

> H. <u>In the Alternative, Defendants Seek a More Definite Statement Concerning Counts I, II, III and V.</u>

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a defendant may move for a more definite statement where the pleading "is so vague or ambiguous that a party cannot reasonably prepare a response." Defendants do not know what liberty or property interest is alleged to form the basis of Plaintiff's due process, failure to intervene or conspiracy claims. As shown above, Defendants have raised several possibilities, but the Complaint is unclear. If this Court denies Defendants' Motion to Dismiss Counts I, II or III, Plaintiff should be required to plead the protectible interest that supports his due process, failure to intervene and conspiracy claims in Counts I through III.

In addition, it is unclear which Defendant committed which acts. Plaintiff's Complaint does not state the specific defendants that committed any constitutional violation complained of nor does it state the relevant time periods of any such acts. *See Gleichauf v. Ginsberg* 859 F. Supp. 229, 233 (S.D. W.V. 1994). Plaintiff should be required to plead facts regarding the involvement of each Defendant so that each Defendant can prepare a response to the pleading. *See Bowers v. Crystal Valley, R.V.*, Case No. 95 C 7527, 1996 WL 169415, at *2, (N. D. Ill April 9, 1996).

### III.   CONCLUSION

Count I, II, III and V of Plaintiff's Complaint should be dismissed for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff does not allege a constitutional violation to support his due process, failure to intervene or conspiracy claims. As a result, those claims should be dismissed. In addition, Plaintiff fails to allege a *Monell* claim against the Village of Maywood. Therefore, all claims against the Village should be dismissed. If the Court dismisses Counts I, II and III, it should also dismiss the supplemental state claims alleged in Counts IV through VII. Alternatively, this Court should require Plaintiff to provide a more definite statement as to Counts I, II, III and V if Defendants' Motion to Dismiss is denied.

WHEREFORE, Defendants, CHIEF JAMES COLLIER, DEPUTY CHIEF MOBLEY, LIEUTENANT JOSE MAZARIEGOS, OFFICER DEWAYNE WHEELER, OFFICER THEODORE YANCY, and the VILLAGE OF MAYWOOD, respectfully request that this Honorable Court:

(a) Dismiss all claims made against the Village of Maywood, excepting Count VII;

(b) Dismiss all claims against the individual Defendants and all supplemental state claims;

(c) In the alternative, require Plaintiff to submit a more definite statement for Counts I, II, III and V of the Complaint; and

(d) For such other or further relief as deemed appropriate by the Court.

        Respectfully submitted,

        CHIEF JAMES COLLIER, DEPUTY CHIEF MOBLEY, LIEUTENANT JOSE MAZARIEGOS, OFFICER DEWAYNE WHEELER, OFFICER THEODORE YANCY, and the VILLAGE OF MAYWOOD

        By:  /s/ Kathleen T. Henn
            Kathleen T. Henn

Lance C. Malina
Kathleen T. Henn
KLEIN, THORPE & JENKINS, LTD.
20 N. Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400

216062_1.DOC