IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARIAN WADE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 08 CV 2931 |
| | ) Judge Kendall |
| CHIEF JAMES COLLIER, JR., ET AL. | ) Magistrate Judge Cox |
| | ) |
| Defendants. | ) |

**DEFENDANTS', CHIEF JAMES COLLIER, DEPUTY CHIEF MOBLEY, LIEUTENANT JOSE MAZARIEGOS, OFFICER DEWAYNE WHEELER, OFFICER THEODORE YANCY, AND THE VILLAGE OF MAYWOOD'S, MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT PURSUANT TO RULE 56**

NOW COME Defendants, CHIEF JAMES COLLIER, DEPUTY CHIEF MOBLEY, LIEUTENANT JOSE MAZARIEGOS, OFFICER DEWAYNE WHEELER, OFFICER THEODORE YANCY, and the VILLAGE OF MAYWOOD ("Defendants"), by and through their attorneys, KLEIN, THORPE & JENKINS, LTD., and in support of their Motion for Summary Judgment and Memorandum of Law in Support pursuant to Rule 56 of the Federal Rules of Civil Procedure state as follows:

### I. Introduction

Plaintiff's First Amended Complaint (hereinafter "Complaint") alleges that Plaintiff was wrongfully terminated from his position as a police officer for the Village of Maywood. Plaintiff's claims based on his termination are barred by collateral estoppel because the Circuit Court of Cook County and the First District Appellate Court have upheld his termination. (*See* ¶¶ 8, 9 of Rule 56 Statement). Therefore, Defendants seek summary judgment on all Plaintiff's claims that are based on wrongful termination.

1

## II. Argument

A. <u>Standard for Summary Judgment Pursuant to Rule 56.</u>

Summary judgment pursuant to Rule 56 should be granted where all facts if taken in the light most favorable to the non-movant show that the movant is entitled to relief as a matter of law, and that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Whether a claim is barred pursuant to collateral estoppel is a matter of law properly considered by a motion for summary judgment. *See Havoco America, Ltd. V. Freeman, Atkins and Coleman, Ltd.*, 58 F.3d 303, 306 (7th Cir. 1995). The defending party may bring a motion for summary judgment at any time. *See* F.R.C.P. 56(b).

B. <u>Collateral Estoppel Bars Any Claims Based on Plaintiff's Termination by the Village of Maywood.</u>

Collateral estoppel is an equitable doctrine that prevents a party from relitigating an issue that has been decided in a prior proceeding. *See Smith v. Boudreau*, 366 Ill. App.3d 958, 972 (1st Dist. 2006). The United States Supreme Court has made clear that issues actually litigated in a state court proceeding are entitled to the same preclusive effect that they would be given in the courts of the State where the judgment was rendered when those issues are raised in a subsequent federal lawsuit brought under 42 U.S.C. § 1983. *See Allen v. McCurry*, 449 U.S. 90, 101 (1980); see also 28 U.S.C. § 1738.

The Seventh Circuit has held that state law determines whether the defendant prevails under principles of preclusion. *See GASH Associates v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). Defendants must establish four elements to show issue preclusion: "(1) the issue sought to be precluded must be the same as that involved in the

prior litigation; (2) the determination of the issue must have been actually litigated; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom issue preclusion is invoked must have been fully represented in the prior action." *Gentry v. Duckworth*, 65 F.3d 555, 560 (7th Cir. 1995), citing *Meyer v. Rigdon*, 36 F.3d 1375 (7th Cir. 1994).

Also, Illinois courts and the Seventh Circuit have ruled that the party must have had a full and fair opportunity to litigate the issue in the prior proceeding. *See Jones v. City of Alton*, 757 F.2d 878, 884-85 (7th Cir. 1985) (citations omitted). The full and fair opportunity to litigate requirement is satisfied as long as minimum due process standards are satisfied. *Id.* at 884 (citations omitted).

   *1.*   *The issue of Plaintiff's Termination is the Same Issue involved in His Prior Litigation.*

In his Complaint, Plaintiff alleges that he was wrongfully terminated. (Complaint at Introduction, ¶¶ 2, 3). The Village's termination of Plaintiff was litigated before the Board of Fire and Police Commissioners of the Village of Maywood ("Board') and appealed to the Circuit Court and the Appellate Court. (*See* ¶¶ 5, 7, 8 and 9 of Rule 56 Statement). Therefore, the first requirement to apply collateral estoppel is met.

   *2.*   *Plaintiff's Termination was Actually Litigated in the Prior Proceedings.*

The Board decided to terminate Plaintiff based on its findings that he was guilty of theft, official misconduct, making untruthful statements, insubordination/failure to obey the order of a superior officer, and failure to report police information. (*See* ¶¶ 5, 7 of Rule 56 Statement). Plaintiff cannot argue that the Board failed to actually decide this issue. In addition, the Circuit Court and Appellate Court decided the same issues. (*See*

¶¶ 8, 9 of Rule 56 Statement). Therefore, the second element of collateral estoppel is established.

> 3. *The Determination of Whether Plaintiff Committed Misconduct and Violated Maywood Police Department Rules and Regulations and of the Appropriate Penalty for Such Violation Was Essential to the Board's Decision, the Circuit Court's Decision and the Appellate Court's Decision.*

The hearing before the Board concerned disciplinary charges brought against Plaintiff and the appropriate penalties for those charges. The whole purpose of the Board's hearing was to determine whether Plaintiff committed any misconduct or disciplinary violations and, if he did, the appropriate penalty. Therefore, the determination of his violation of rules and the penalty of termination was essential to the Board's decision. In addition, the Circuit Court and Appellate Court reviewed Plaintiff's Complaint for Administrative Review of the Board's decision. Therefore, the Circuit Court and Appellate Court necessarily decided these same issues.

> 4. *Plaintiff Was Represented by Counsel at the Board's Hearing and in the Appeals of the Board's Decision.*

Plaintiff was represented by counsel before the Board. (*See* ¶ 6 of Rule 56 Statement). He was also represented in his appeals to the Circuit Court of Cook County and the First District Appellate Court. (*See* ¶ 10 of Rule 56 Statement). Therefore, the fourth element of collateral estoppel is met.

> 5. *Plaintiff was Given a Full and Fair Opportunity to Litigate his Termination and Related Issues*.

In his appeal of the Board's decision, Plaintiff did not allege any due process violations. (*See* ¶ 8 of Rule 56 Statement). In his Complaint, he does not allege any procedural due process violations. Moreover, if he alleged such violations in the instant

4

case, such claims would be barred by *res judicata*, which bars issues that could have been litigated but were not litigated in the state court proceedings. *Jones v. City of Alton*, 757 F.2d 878, 883 (7th Cir. 1985). Therefore, all elements of collateral estoppel have been established.

### III.   Conclusion

It appears from Plaintiff's Complaint that he bases Counts I (Due Process), II (Failure to Intervene), III (Conspiracy pursuant to § 1983) and V (Conspiracy pursuant to state law), at least in part, on the Village's termination of his employment as a police officer. Any claims of wrongful termination are barred by collateral estoppel because Plaintiff has already litigated this issue and has received a decision after having a full and fair opportunity to litigate the issues. As a result, Defendants are entitled to summary judgment on all claims based on Plaintiff's termination. Moreover, all references to Plaintiff's termination should be stricken from Plaintiff's Complaint.

WHEREFORE, Defendants, CHIEF JAMES COLLIER, DEPUTY CHIEF MOBLEY, LIEUTENANT JOSE MAZARIEGOS, OFFICER DEWAYNE WHEELER, OFFICER THEODORE YANCY, and the VILLAGE OF MAYWOOD, respectfully requests that this Honorable Court:

(a) Grant it Summary Judgment as to Plaintiff's Claims that are based on his termination;

(b) Strike all references to Plaintiff's termination from the Complaint; and

(c) for such other or further relief as deemed appropriate by the Court.

Respectfully submitted,

CHIEF JAMES COLLIER, DEPUTY CHIEF MOBLEY, LIEUTENANT JOSE MAZARIEGOS, OFFICER DEWAYNE WHEELER, OFFICER THEODORE YANCY, and the VILLAGE OF MAYWOOD

By: /s/ Kathleen T. Henn
      Kathleen T. Henn

Lance C. Malina
Kathleen T. Henn
KLEIN, THORPE & JENKINS, LTD.
20 N. Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400

216116_1.DOC