## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARIAN WADE | ) |
| | ) |
|    Plaintiff, | ) |
| | )   No. 08 CV 2931 |
|    v. | ) |
| | )   Honorable Judge Kendall |
| CHIEF JAMES COLLIER, JR. (Star No. 100), DEPUTY | ) |
| CHIEF DONALD MOBLEY (Star No. 188), | )   Magistrate Judge Cox |
| LIEUTENANT JOSE MASARIEGOS (Star No. 190), | ) |
| OFFICER DEWAYNE WHEELER (Star No. 245), | ) |
| OFFICER THEODORE YANCY (Star No. 259), | ) |
| INVESTIGATOR MAURICE MACKLIN (Star No. 333), | ) |
| INVESTIGATOR JEFFERY MARKVART (Star No. 321), | ) |
| the VILLAGE OF MAYWOOD and the COUNTY OF | ) |
| COOK, | )   Jury Trial Demanded |
| | ) |
|    Defendants. | ) |

### JOINT STATUS REPORT

NOW COMES Plaintiff, ARIAN WADE, by and through his attorneys, the Law Offices

Of Kathleen T. Zellner, P.C. and Defendants, CHIEF JAMES COLLIER, JR., CHIEF DONALD

MOBLEY, LIEUTENANT JOSE MASARIEGOS, OFFICER DEWAYNE WHEELER,

OFFICER THEODORE YANCY and the VILLAGE OF MAYWOOD, by and through their

attorney, Klein, Thorpe and Jenkins, Ltd. And for their Joint Status Report, state as follows:

1.    *Attorney For Plaintiffs*

      Kathleen T. Zellner
      Douglas H. Johnson
      Anne E. Zellner

1

Kathleen T. Zellner & Associates
Drake Oakbrook Plaza
2215 York, Suite 504
Oakbrook, Illinois 60523
(630) 955-1212

*Attorney For Defendants*

Lance C. Malina
Kathleen T. Henn
Klein, Thorpe and Jenkins, Ltd.
20 N. Wacker Drive - # 1660
Chicago, Illinois 60606

2.     ***Basis For Jurisdiction***

This action is brought pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section

1331 and 28 U.S.C. 1367.

3.     ***The nature of the claims asserted in the complaint and any expected
counterclaim:***

Plaintiff asserts claims under Section 1983 for violations of due process, failure to

intervene and conspiracy.  Plaintiff also asserts pendent state claims for malicious prosecution,

conspiracy, intentional infliction of emotional distress and indemnification.

No counterclaims are anticipated.

4.     ***The name of any party not yet served and the circumstances regarding non-
service;***

All parties have been served.  County Defendants were only recently served.

5.     ***The Principal Legal Issues***

The principal legal issues are whether probable cause existed, whether qualified

immunity exists, whether Defendants acted with malice and whether Defendants committed any

constitutional violations.

2

6.    ***The Principal Factual Issues***

The principal factual issues are whether Defendants fabricated documents, such as memoranda and transcripts, suggesting Plaintiff committed criminal acts, whether Defendants reached an implicit or express agreement to cause the arrest and prosecution of Plaintiff, and the events leading up to the arrest and prosecution of the Plaintiff.

7.    ***Whether a Jury Trial is expected by either Party***

Plaintiff has demanded a trial by jury.

8.    ***A short description of any discovery undertaken to date and any anticipated in the future***

Plaintiff has propounded written discovery on Defendants on whose behalf counsel has appeared. Defendants have propounded written discovery. The parties expect that fact discovery can be completed within 9 months. Plaintiff expects to disclose approximately 4-6 experts 60 days thereafter and present those experts for their depositions 4 months thereafter.

9.    ***The earliest date the parties will be ready for trial and the length of the trial:***

The parties expect to be ready for trial within 18 months and that the length of the trial to be 4-6 weeks.

10.    ***Whether the parties unanimously consent to proceed with Magistrate Judge:***

The parties do not consent to proceed with the Magistrate Judge.

11.    ***The status of any settlement discussions and whether the parties request a settlement conference.***

On July 15, 2008, Plaintiff made a formal demand of 7.2 million dollars to the Village of Maywood and its employees. Those Defendants have not yet responded to Plaintiff's demand.

3

Plaintiff requests a settlement conference. Defendants' position is that a settlement conference would be beneficial after receiving a ruling on their Motion For Summary Judgment and Motion to Dismiss and after some initial, written discovery has been completed.

Kathleen T. Zellner
Douglas H. Johnson
Law Offices of Kathleen T. Zellner & Associates, P.C.,
Drake Oakbrook Plaza
2215 York, Suite 504
Oakbrook, Illinois 60523
(630) 955-1212


Lance C. Malina
Kathleen T. Henn
Klein, Thorpe and Jenkins, Ltd.
20 N. Wacker Drive - # 1660
Chicago, Illinois 60606

4